I. Michael Kessel
**LITTLER MENDELSON, P.C.**
One Newark Center, 8th Floor
Newark, New Jersey 07102
973.848.4700
Attorneys for Defendant
   *Rent the Runway, Inc.*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BLAKE MORRIS BOWENS,<br><br>               Plaintiff,<br><br>-vs-<br><br>RENT THE RUNWAY, INC.,<br><br>               Defendants. | Civil Action No.:2:19-CV-13469<br><br>**NOTICE OF REMOVAL**<br><br>**(Document Electronically Filed)** |

      **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332 and 1446, Defendant Rent the Runway Inc. ("Defendant"), hereby removes the above-entitled action, pending in the Superior Court of New Jersey, Law Division, County of Hudson, to the United States District Court for the District of New Jersey. In support of its Notice of Removal, Defendant respectfully alleges as follows:

1. On May 10, 2019, Plaintiff Blake Morris Bowens ("Plaintiff") filed a Complaint entitled *Blake Morris Owens v. Rent the Runway, Inc.*, in the Superior Court of New Jersey, Law Division, County of Hudson, Docket No.: L-001875-19 (the "State Court Action"). A true and correct copy of the Complaint is attached hereto as <u>Exhibit A</u>.

2. On May 13, 2019, Plaintiff served the State Court Action upon Defendant.

3. In accordance with the requirements of 28 U.S.C. § 1446, this Notice of Removal has been timely filed.

4. The State Court Action is a civil action of which the district courts of the United States have original jurisdiction by virtue of the diversity jurisdiction granted by 28 U.S.C. § 1332.

5. The State Court Action is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). As Plaintiff alleges in his Complaint, he resides in Jersey City, New Jersey. Plaintiff's former employer is Defendant Rent the Runway Inc., a foreign corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 345 Hudson Street, New York, NY 10014.

6. The amount in controversy in the State Court Action more likely than not exceeds the sum or value of $75,000. *See* 28 U.S.C. § 1332(a). Here, the Complaint alleges, *inter alia,* that Defendant violated the New Jersey Law Against Discrimination ("LAD") by allegedly discriminating against Plaintiff based on his alleged disabilities. (Exhibit A.) The fact that Plaintiff's State Court Action Complaint does not set forth the specific numerical amount of damages does not preclude federal removal jurisdiction. According to a reasonable reading of the Complaint, Plaintiff's demand more likely than not exceeds the sum of $75,000. *See Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated.") As the Supreme Court explained in *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938), to justify remand of a removed action, "it must appear to a legal certainty that the claim is really far less than the jurisdictional amount." *Id*. at 288-89. Plaintiff does not specify the amount of emotional distress or punitive damages he seeks, but awards of $70,000 to $100,000 are not uncommon under the LAD. *See e.g., Boles v. Wal-Mart Stores, Inc.*, 650 Fed. Appx. 125 (3rd Cir. 2016); *Norton v. Karistos Corp.*, Docket No. A-4030-13T2, 2015 N.J. Super.

Unpub. LEXIS 2874 (Dec. 11, 2015). Additionally, Plaintiff seeks attorneys' fees, which must also be taken into account when determining whether the amount in controversy is met. *Suber. v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997).

7. Based on the allegations made by Plaintiff in the Complaint, the significant damages sought, including compensatory damages for lost wages, emotional distress and loss of reputation, attorneys' fees and punitive damages, more likely than not exceed the $75,000 jurisdictional minimum required under 28 U.S.C. §1332.

8. Accordingly, the grounds for diversity jurisdiction are satisfied, and this Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332.

9. A true and correct copy of this Notice of Removal was promptly filed in the Superior Court of New Jersey, Law Division, County of Hudson and served upon Plaintiff's counsel of record.

10. This Court is the district and division embracing the place where the State Court Action is pending for purposes of 28 U.S.C. §1441(a).

11. Defendant files this Notice of Removal solely for the purpose of removing the State Court Action and does not waive, and specifically reserves, any and all defenses.

WHEREFORE, Defendant prays that this action be removed to this Court, that this Court accept jurisdiction of this action and henceforth, that this action be placed on the docket of this Court for further proceedings, the same as though this action had originally been instituted in this Court.

                                      **LITTLER MENDELSON, P.C.**
                                      Attorneys for Defendant Rent The Runway, Inc.

                                      By:   s/ I. Michael Kessel
                                              **I. Michael Kessel**
                                              One Newark Center, 8th Floor
                                              Newark, New Jersey 07102
                                              (973) 848-4700

Dated: June 6, 2019

## CERTIFICATE OF SERVICE

**I. Michael Kessel,** of full age, hereby certifies as follows:

1. On June 6, 2019, I caused the following documents to be electronically filed with the Clerk, United States District Court, District of New Jersey:

    a. Notice of Removal;

    b. Civil Cover Sheet; and

    c. Rule 7.1 Statement.

2. I also caused a true and correct copy of the above documents to be served, via Federal Express overnight next business day delivery, upon:

> Alan L. Krumholz, Esq.
> GOLDMAN DAVIS KRUMHOLZ & DILLON, PC
> 574 Summit Avenue
> Suite 402 Jersey City, NJ 07306

By:    s/ I. Michael Kessel
**I. Michael Kessel**
One Newark Center, 8th Floor
Newark, New Jersey 07102
(973) 848-4700

Dated: June 6, 2019

FIRMWIDE:164553961.3 090815.1012

Alan L. Krumholz, Esq. #174321956
**GOLDMAN DAVIS KRUMHOLZ & DILLON, PC**
574 Summit Avenue, Suite 402
Jersey City, NJ 07306
(201) 656-5232
Attorneys for Plaintiff

| | |
|---|---|
| BLAKE MORRIS BOWENS,<br><br>Plaintiff<br><br>vs.<br><br>RENT THE RUNWAY, INC., a corporation,<br><br>Defendant(s) | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br><br>COUNTY OF HUDSON<br><br>DOCKET NO.:<br><br>CIVIL ACTION |

## COMPLAINT AND JURY DEMAND

Plaintiff, Blake Morris Bowens, residing at 445 Bergen Avenue, Apt 2D, Jersey City, NJ 07305, complaining of the Defendant, says:

### FIRST COUNT
### DISABILITY DISCRIMINATION

1. That the plaintiff, Blake Morris Bowens, was employed by the defendant, Rent The Runway, Inc., a corporation, as a Spotter, from March 2016 until the termination of his employment on or about January 2019, and performed services in accordance with the expectations of his employer and was paid wages in accordance therewith.

2. That as a result of prior injury to plaintiff's left foot, the plaintiff was required to wear a special shoe, or clog, on his left foot.

3. That the use of the clog on the left foot necessitated the use of a similar shoe or clog on the right foot and the plaintiff was able to wear clogs to the work place to perform his job from 2016 until the termination of his employment on or about January 2019.

4. That the plaintiff was compelled to remain out of work during a portion of the Summer of 2018, resulting from exposure to chemicals from performing his job as a Spotter, during which time he did seek medical treatment for such condition.

5. That in December 2018, the plaintiff was required to take a medical leave to receive

treatment after being exposed on a continuing basis to chemicals used in the cleaning process, which caused the plaintiff to require medical treatment for the work related injury resulting from the exposure to the chemicals.

6. That in January 2019, the plaintiff attempted to return to work wearing the clogs on his feet, after the medical leave of approximately one month.

7. That at said time and place, the plaintiff was forbidden to wear the clogs and was terminated from his employment by the defendant.

8. That the defendant claimed to plaintiff that he had abandoned his job, when in fact the plaintiff had sought medical treatment for the injuries resulting from his exposure to chemicals on the job.

9. That the termination of the plaintiff's employment resulted from his disabilities involving his left foot and exposures to chemicals, which constituted disability discrimination in violation of the plaintiff's rights under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-4.1, *et seq.*

10. That as a result of the actions of the defendant(s) as aforesaid, plaintiff was caused to sustain a loss of employment and income and was caused to sustain emotional and psychological distress and harm, embarrassment and a continuous and permanent interference with the prospect of future economic advantage and with the ability to obtain future employment.

**WHEREFORE**, plaintiff demands judgment against any and all of said defendants, jointly and individually, for harm suffered as a result of defendant's violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-4.1, *et. seq.* as follows: an award of compensatory damages, including but not limited to, back pay and benefits, front pay and benefits, consequential damages, punitive damages, emotional distress damages, equitable relief, prejudgment interest, attorney fees, cost of suit, and expenses with an appropriate enhancement under *Rendine v. Pantzer*, 141 N.J. 292 (1995), on this Count of the Complaint.

.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues herein pursuant to R.1:8-2(b) and R.4:35-1(a).

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

PURSUANT to R.4:10-2(b), demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered in the action or to indemnify or reimburse for payment made to satisfy the Judgment. If so, please attach a copy of each, or in the alternative state, under oath and certification: (a) policy number; (b) name and address of insurer; © inception and expiration date; (d) names and addresses of all person insured thereunder; (e) personal injury limits; (f) property damage limits; and (g) medical payment limits.

## DEMAND FOR DOCUMENTS TO WHICH ANSWER REFERS

Pursuant to Rule 4:18-2, Plaintiff hereby demands that Defendant produce copies of each and every document or paper to which the Answer refers within five days after service of the Answer.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Alan L. Krumholz is hereby designated as trial counsel for Plaintiff in the within matter.

## CERTIFICATION OF NO OTHER ACTIONS

Pursuant to R.4:5-1, it is hereby certified that, to the best of our knowledge and belief, the matter in controversy is not the subject of any other action pending in any other Court or of a pending Arbitration proceeding. Also, to the best of our knowledge and belief, no other action or Arbitration proceeding is contemplated. Further, other than the parties set forth in this pleading, at the present time we know of no other parties that should be joined in this action. In addition, we

recognize the continuing obligation of each party to file and serve on all parties and the Court an amended certification if there is a change in the facts stated in this original certification.

## CERTIFICATION REGARDING PERSONAL IDENTIFIERS

Pursuant to Rule 1:38-7©, I certify that confidential personal identifiers have been redacted from documents now submitted to the Court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7©.

## NOTICE REGARDING NON-DESTRUCTION OF EVIDENCE

Please be advised and noticed that the Defendants should refrain from destroying, disposing or altering any potential evidence in its possession which would relate in any way to this mater.

Please also be advised and noticed that this includes any and all electronic records, including but not limited to the hard drives on any and all computers and/or servers. To that end:

A. The Defendant(s) should not initiate any procedures which would alter any active, deleted, or fragmented files. Such procedures may include, but are not limited to: storing (saving) newly created files to existing drives and diskettes; loading new software, such as application programs; running data compression and disk defragmentation (optimization) routines; or the use of utility programs to permanently wipe files, disks or drives.

B. The Defendant(s) should stop any rotation, alteration, and/or destruction of electronic media that may result in the alteration or loss of any electronic data. Backup tapes and disks should be pulled from their rotation queues and be replaced with new tapes.

C The Defendant(s) should not alter and/or erase active files, deleted files, or file fragments, on any electronic media storage devices replaced due to failure, upgrade, and/or lease expiration that may contain electronic data having any relation to this matter.

D. The Defendant(s) should not dispose of any electronic media storage devices replaced due to failure, upgrade, and/or lease expiration that may contain electronic data having any relation to this matter.

**GOLDMAN DAVIS KRUMHOLZ DILLON, PC**
**Attorneys for Plaintiff**

_____
ALAN L. KRUMHOLZ

# Civil Case Information Statement

**Case Details: HUDSON | Civil Part Docket# L-001875-19**

**Case Caption:** BOWENS BLAKE  VS RENT THE RUNWAY
**Case Initiation Date:** 05/10/2019
**Attorney Name:** ALAN L KRUMHOLZ
**Firm Name:** GOLDMAN DAVIS KRUMHOLZ & DILLON, P.C.
**Address:** THREE UNIVERSITY PLZ STE 410 HACKENSACK NJ 07601
**Phone:**
**Name of Party:** PLAINTIFF : BOWENS, BLAKE, M
**Name of Defendant's Primary Insurance Company (if known):** None

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Hurricane Sandy related?** NO
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
**CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION**

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
  **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
  **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO     **Title 59?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

05/10/2019                                                                                              /s/ ALAN L KRUMHOLZ
Dated                                                                                                   Signed