**LITTLER MENDELSON, P.C.**
I. Michael Kessel
One Newark Center, 8th Floor
Newark, New Jersey  07102
973.848.4700
Attorneys for Defendant

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BLAKE MORRIS BOWENS,<br><br>                    Plaintiff,<br><br>    -vs-<br><br>RENT THE RUNWAY, INC.,<br><br>                    Defendants. | Civil Action No.: 2:19-cv-13469<br><br>**ANSWER TO COMPLAINT**<br><br>**(Document Electronically Filed)** |

Defendant Rent The Runway, Inc. ("RTR" or "Defendant"), for its answer and defenses to Plaintiff's Complaint ("Complaint") states:

1. Denies the allegations set forth in paragraph 1 of the Complaint, except admits that Defendant employed Plaintiff.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint, and therefore denies same.

3. Denies the allegations set forth in paragraph 3 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff's use of the clog on the left foot necessitated the use of a similar shoe or clog on the right foot.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint, and therefore denies same.

5. Denies the allegations set forth in paragraph 5 of the Complaint.

6. Denies the allegations set forth in paragraph 6 of the Complaint.

7. Denies the allegations set forth in paragraph 7 of the Complaint.

8. Denies the allegations set forth in paragraph 8 of the Complaint, except admits that Defendant contends that Plaintiff abandoned his job.

9. Denies the allegations set forth in paragraph 9 of the Complaint.

10. Denies the allegations set forth in paragraph 10 of the Complaint.

11. Denies the allegations set forth in the Wherefore clause in the Complaint or that Plaintiff is entitled to any relief whatsoever.

## SEPARATE DEFENSES

## FIRST DEFENSE

Plaintiff fails to state any claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff fails to state facts necessary to make out a prima facie case under the New Jersey Law Against Discrimination ("NJLAD").

## THIRD DEFENSE

Plaintiff's claims fail because he was not "disabled" under the NJLAD.

## FOURTH DEFENSE

Plaintiff's claims fail to the extent he failed to engage in the interactive process, failed to present a reasonable accommodation, and/or because any accommodations that he asserts would have caused an undue hardship on Defendant and/or would have created a direct threat to health or safety.

**FIFTH DEFENSE**

Defendant exercised reasonable care to prevent and correct discriminatory behavior, and Plaintiff unreasonably failed to take advantage of the preventive and corrective opportunities provided or to avoid harm otherwise.

**SIXTH DEFENSE**

Defendant took reasonable steps to comply with the NJLAD and all other applicable laws, and any acts in violation thereof were in contravention of Defendant's good faith efforts to comply.

**SEVENTH DEFENSE**

Defendant's actions taken with respect to Plaintiff were legitimate and taken without discriminatory motive.

**EIGHTH DEFENSE**

Defendant's actions or inactions were not the proximate cause of the damage alleged by Plaintiff in his Complaint. Any alleged damages suffered by Plaintiff were proximately caused by his own conduct or the conduct of third-parties and not the conduct of Defendant.

**NINTH DEFENSE**

To the extent Plaintiff is alleging a work-related injury or condition, or a work-related exacerbation of a prior condition, Plaintiff's exclusive remedy is Workers' Compensation.

**TENTH DEFENSE**

Plaintiffs fails to mitigate his alleged damages.

**ELEVENTH DEFENSE**

Plaintiff fails to set forth any basis upon which compensatory or punitive damages or equitable relief could be awarded.

## TWELEFTH DEFENSE

Plaintiff resigned/abandoned his employment.

WHEREFORE, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice and award Defendant reasonable attorneys' fees and costs incurred in the defense of this matter and any other relief the Court deems appropriate.

## LOCAL CIV. RULE 11.2 CERTIFICATION

By signing below, counsel for RTR affirms that the within matter in controversy is not the subject of any action pending in any court or any other pending arbitration or administrative proceeding.

**LITTLER MENDELSON, P.C.**
Attorneys for Defendant


By:   s/ I. Michael Kessel
        I. Michael Kessel

Dated: September 3, 2019

**CERTIFICATION OF SERVICE**

  I hereby certify that on this date, I caused a copy of the attached Answer to the Complaint to be served, via electronic case filing, to:

Alan L. Krumholz, Esq.
Goldman Davis Krumholz & Dillon, PC
574 Summit Avenue, Suite 402
Jersey City, New Jersey 07306

                s/ I. Michael Kessel
                 I. Michael Kessel

Dated: September 3, 2019

4840-9979-4339.1 090815.1012